Filed 9/5/13  P. v. Sanchez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GILBERT SANCHEZ,<br><br>Defendant and Appellant. | C072766<br><br>(Super. Ct. No. 11F00569) |

A jury found defendant Gilbert Sanchez guilty of assault with a deadly weapon by a prisoner not serving a life sentence (Pen. Code, § 4501; count one) and possession of a sharp instrument by a prisoner (Pen. Code, § 4502, subd. (a); count two).  The trial court found that defendant had three prior serious or violent felony convictions.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)  Defendant's request to strike the prior convictions for purposes of sentencing was denied.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)  He was sentenced to prison on count one for 25 years to life consecutive

to the term he was then serving. Sentence on count two was stayed pursuant to Penal Code section 654. Defendant was awarded no presentence credit and was ordered to pay a $200 restitution fine (Pen. Code, § 1202.4) and a $200 restitution fine suspended unless parole is revoked (Pen. Code, § 1202.45).

## FACTS

### *Prosecution Case-in-Chief*

John Zuber is a correctional sergeant at California State Prison Sacramento. On July 14, 2010, he was a yard sergeant at the prison's C facility. Around 11:40 a.m., Zuber saw two inmates engaged in an altercation. One of the inmates (later identified as defendant) was hitting the other (later identified as inmate Jorge Barrera) in the upper torso area using a stabbing or striking motion. Sergeant Zuber yelled for the inmates to "get down" and, on his radio, he announced the incident to the observation tower. The two fighting inmates obeyed the command.

During the incident, Sergeant Zuber saw a weapon being used and saw a blue object in defendant's hand. Zuber went to the site of the incident and stepped on the weapon, which was about three feet from defendant, in order to assure that no other inmate could grab it. Zuber later gave the weapon to Officer Lewis.

The weapon looked like a toothbrush with its bristles broken off. The object was sharpened at one end.

The victim, Barrera, had injuries to his back, chest, and the right rear of his head. The chest injury included an abrasion, a scratch, and active bleeding. The head injury consisted of a puncture wound and active bleeding.

There were no visible abrasions or wounds on defendant's hands or other parts of his body.

*Defense*

Francisco Magana, an inmate at the prison, saw the incident. Barrera was his cell mate.

Magana had been speaking with defendant prior to the incident. He did not see defendant get into an argument with anyone. Magana did not see defendant holding a blue sharpened instrument or any other object.

Magana testified that Barrera was not involved in an altercation with anyone. Magana did not see who attacked Barrera and did not see any injuries on him that day.

Defendant did not testify.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review discloses that the trial court neglected to impose the mandatory $80 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)) and the mandatory $60 court facilities fee (Gov. Code, § 70373) that had been recommended by the probation department. We shall modify the judgment to include the mandatory fees.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to impose an $80 court operations fee and a $60 court facilities fee.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


    HULL    , J.


We concur:


    NICHOLSON    , Acting P. J.


    BUTZ    , J.